JEFFERSON v. SARDENGA

(April 18, 1932.  Opinion and Decree.)

Johnston Armstrong, of New Orleans, attorney for plaintiff, appellant.

Theo. Cotonio, Jr., and Theo. Cotonio, Sr., of New Orleans, attorneys for defendant, appellee.

HIGGINS, J.  This is a suit by a tenant for damages for personal injuries against the landlord and owner of the premises.  Petitioner alleges that on October 22, 1928, while she was descending the steps leading from the roof of a garage, which was provided by the lessor and used by her for the purpose of drying clothes, the third step gave way due to its decayed condition, causing her to fall and injure herself.

Defendant admitted that the plaintiff was a tenant in the building, but denied liability and specially pleaded that the plaintiff was notified not to use the steps because several of them had been removed and that plaintiff was guilty of contributory negligence in attempting to use them.

There was judgment dismissing the suit and plaintiff has appealed.

The record is voluminous and we feel that no useful purpose will be served by a narration of the testimony of the witnesses of the respective parties and pointing out the discrepancies therein, as well as the contradictory and irreconcilable aspects of it.

Plaintiff sought to prove by herself and two eye-witnesses that she had gone to the roof of the garage to hang out some clothes and, after accomplishing that purpose, attempted to descend the steps and, as she reached the third step, it gave way under her weight, causing her to fall into the yard.  She is in some measure corroborated by her husband and a doctor, who testified that she was confined to her bed for a considerable period of time on account of the alleged injuries.

The defendant introduced the testimony of several witnesses to the effect that at the time plaintiff claims she fell all of the steps had already been entirely removed from the premises.  While this evidence was contrary to the averments of the defendant's answer that the plaintiff was warned not to use the steps because several of them had been removed, the evidence was admitted without objection and, consequently, had the effect of enlarging the pleadings.  We have, therefore, con-

sidered the testimony, but feel that its weight has been seriously affected by the averments in the answer.

We have carefully read the record and find that the testimony of the witnesses for both the plaintiff and defendant is unsatisfactory and unimpressive. The testimony of the witnesses of the respective parties being on a par, as far as weight and credence are concerned, we are of the opinion that the decision of the lower court, dismissing the suit, is correct. In any event, this court, in a number of cases, has held that it would not reverse the decision of a trial court on a question of fact simply because the evidence was conflicting.

For the reasons assigned the judgment is affirmed.